**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TORI R. MORGAN, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 1:24-CV-01655 |
| ANDERSON UNIVERSITY, INC., | ) |
| Defendant, | ) |

### *COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF AND DEMAND FOR JURY TRIAL*

Plaintiff Tori R. Morgan (hereinafter "Morgan"), by her counsel, for her cause of action against Defendant Anderson University, Inc. (hereinafter "Anderson University"), states as follows:

### *I. FACTUAL ALLEGATIONS*

1. Morgan is a resident of Anderson, Madison County, Indiana.

2. Anderson University is a private Christian university located in Anderson, Indiana. It is affiliated with the Church of God.

3. Morgan worked for Anderson University as a Program Coordinator for its School of Music, Theater and Dance. She was hired on approximately August 3, 2023 and her start date was August 23, 2023. Anderson University involuntarily terminated Morgan's employment on March 7, 2024 after refusing to provide her accommodations for her pregnancy that she requested with the assistance of her physician.

4. During her employment with Anderson University, Morgan capably performed her job duties and certainly met Anderson University's legitimate job expectations.

5. Morgan gave birth to her baby on April 28, 2024. Prior to her child's birth, Morgan properly advised her immediate supervisor, Dr. Caroline Ahn, that she was pregnant after Morgan completed the first trimester of her pregnancy.

6. On February 29, 2024, Morgan was hospitalized and kept overnight at the Ball

Memorial Hospital after Morgan suffered a spike in her blood pressure. Morgan was released from the hospital the next day and provided a Work Release Form from the Indiana University Health system stating she was released with the instruction that "Patient needs to work from home 4 of the 5 days" each work week. The Discharge Order was signed by Dr. Gail Clark. Morgan's primary treating physician through her pregnancy is Dr. Yashobha Voss. Her primary care physician is Dr. Chad Curtis.

7. When she returned to work the next week, Morgan formally requested her pregnancy accommodation ordered by her physicians - work from home 4 of 5 days per week until she had her baby. Morgan knows that she emailed her medical work release with the requested accommodation to Anderson University Dean Nathan Willowby. Apparently, Dean Willowby advised the Anderson University human resources department of Morgan's request for pregnancy accommodation, as Renee Miller from Anderson University's human resources department sent an email to Morgan asking Morgan when she would go on maternity leave and telling Morgan about available sick leave and PTO. Morgan responded that she was waiting to meet with Dr. Voss, her OBGYN.

8. When Morgan heard first from Ms. Miller of Anderson University human resources office, she thought her accommodations were being arranged. Indeed, as a comparison to a similarly situated, not-pregnant coworker, Morgan shared an office with a coworker named Michelle Holmes. Ms. Holmes worked in an enrollment position. Like Morgan, Ms. Holmes' job was administrative and largely performed via her computer. Morgan, too, had an administrative job and could easily perform her work from home, using her computer. This is especially true as the accommodation she requested would only last a short time until she gave birth to her baby

9. Very unexpectedly on (what she believes to be the day after sending Dean Willowby her medical accommodation note), a person from Anderson University's human resources department named Reesa Smith arranged a conference with Morgan that was also to be attended by Dean Willowby (who was working remotely himself at the time). When the Zoom

meeting began, Reesa Smith advised Morgan that she was being terminated. Morgan was present at her office for this meeting. Ms. Smith handed Morgan a letter and had Morgan escorted from the building. Smith promised Morgan severance and asked her to make arrangements to sign severance paperwork.

10. The termination letter, dated March 7, 2024, made certain false and pretextual statements about Morgan. Primary among the false statements in this letter signed by Reesa Smith (who described herself as "Director, Office of Work Life Engagement (HR)") were statements claiming that Morgan was fired "after careful consideration of her performance," that Morgan had issues of "inconsistency" in her job, and that Anderson University provided Morgan with "two months of individualized training support and consultation."  Again, these were all lies. Morgan was evaluated one time in her job, on November 3, 2023 by Dean Nathan Willowby. All comments were positive. Morgan had never been written up, disciplined, warned her job was in any jeopardy in any way. Morgan was, however, fired one day after providing medical confirmation of her need for pregnancy accommodation to Dean Nathan Willowby.

11. Morgan is expressly asserting and alleging that Anderson University discriminated against her in violation of the Pregnancy Discrimination Act. Specifically, Morgan is alleging that Anderson University has discriminated against her because of her pregnancy.  The Pregnancy Discrimination Act makes clear that Title VII's prohibition against sex discrimination applies to discrimination based on pregnancy and the Pregnancy Discrimination Act also says that employers must treat women affected by pregnancy .... the same for all employment-related purposes ... as other persons not so affected but similar in their ability or inability to work. 42 USC § 2000e(k).

12. Clearly, Anderson University discriminated against Morgan because she was pregnant. Indeed, the accommodation requested by Morgan for a relatively short period of time - work from home - was the same accommodation provided under similar or the same circumstances by Anderson University to Morgan's coworker, Michelle Holmes, and Ms.

Holmes was not pregnant at the time. This is textbook pregnancy discrimination. See *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1345, 191 L. Ed. 2d 279 (2015).

  13. Additionally, the relatively recently enacted Pregnant Workers Fairness Act, 42 USC §2000gg *et seq*. states:

> "It shall be an unlawful employment practice for a covered entity to--
>
> (1) not make reasonable accommodations to the known limitations related to the pregnancy, childbirth, or related medical conditions of a qualified employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity;
>
> (2) require a qualified employee affected by pregnancy, childbirth, or related medical conditions to accept an accommodation other than any reasonable accommodation arrived at through the interactive process referred to in section 2000gg(7) of this title;
>
> (3) deny employment opportunities to a qualified employee if such denial is based on the need of the covered entity to make reasonable accommodations to the known limitations related to the pregnancy, childbirth, or related medical conditions of the qualified employee;
>
> (4) require a qualified employee to take leave, whether paid or unpaid, if another reasonable accommodation can be provided to the known limitations related to the pregnancy, childbirth, or related medical conditions of the qualified employee; or
>
> (5) take adverse action in terms, conditions, or privileges of employment against a qualified employee on account of the employee requesting or using a reasonable accommodation to the known limitations related to the pregnancy, childbirth, or related medical conditions of the employee."

42 USC § 2000gg-1. Plainly, Anderson University could easily provide the accommodation Morgan requested, provided leave, or provided some other reasonable accommodation that would have permitted Morgan to continuing working.

  14. As stated above, Morgan is pursuing Anderson University under the Pregnancy Discrimination Act provisions and the Pregnant Workers Fairness Act provisions of Title VII of the Civil Rights Act of 1964. Morgan has been treated less favorably than a similarly situated, but not pregnant employee. Morgan also was terminated rather than accommodated, as she should have been pursuant to the Pregnant Workers Fairness Act, 42 USC § 2000gg-1.

  15. Morgan seeks all available damages, including all equitable relief, all available compensatory damages, and all available punitive damages. She is seeking payment of all of her

reasonable attorney's fees, costs and expenses.

## II. JURISDICTION AND VENUE

16. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 USC § 1331, 28 USC § 1343, and 42 USC § 2000e et seq. as Morgan's claims raise federal questions of law.

17. Venue is proper in this Court pursuant to 28 USC § 1391 because of the unlawful conduct alleged below was committed in the Southern District of Indiana.

## III. PARTIES

18. Morgan is and was domiciled in and was a resident of Anderson, Madison County, Indiana at the time of the events which give rise to this cause of action.

19. Anderson University operates the facility from which Morgan was employed in Anderson, Madison County, Indiana.

## IV. ADMINISTRATIVE PROCEDURES

20. Morgan has complied with all of the administrative procedures that are conditions precedent to the filing of this lawsuit. Morgan received her Notice of Right to Sue dated September 19, 2024 from the Equal Employment Opportunity Commission.

## V. STATEMENT OF CLAIMS

### A. PREGNANCY DISCRIMINATION ACT CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT

21. Morgan alleges and incorporates herein by reference paragraphs 1 through 20 above.

22. Anderson University is an employer as that term is defined under Title VII of the Civil Rights Act of 1964.

23. Morgan was discriminated against on the basis of her sex, and more specifically, on the basis of her pregnancy, by Anderson University in the terms, conditions and privileges of her employment. As stated hereinabove, Anderson University knowingly, willfully, negligently and/or intentionally discriminated against Morgan when it terminated her because of her

pregnancy and did not permit her to take a medical leave and return to her position of employment as Anderson University had done for many other similarly situated, non-pregnant employees. Anderson University treated Morgan differently and less favorably in employment decisions and in the termination of her employment because of her pregnancy.

24. Morgan, as a pregnant female, was treated differently and less favorably in the terms and conditions of her employment by Anderson University than similarly situated, non-pregnant coworkers.

25. With respect to relief, Morgan seeks to be made whole and is seeking any and all available relief. She seeks all lost wages and benefits, including back pay and benefits, front pay and benefits, reinstatement, all available compensatory damages, all available punitive damages, payment of her reasonable attorney's fees, costs and expenses, prejudgment interest, and any and all available equitable relief.

### B. PREGNANT WORKERS FAIRNESS ACT CLAIM

26. Morgan alleges and incorporates herein by reference paragraphs 1 through 25 above.

27. Anderson University is an employer as that term is defined under Title VII of the Civil Rights Act of 1964.

28. Morgan was discriminated against on the basis of her on the basis of her pregnancy by Anderson University in the terms, conditions and privileges of her employment. Specifically, Anderson University failed and refused to make reasonable accommodations to Morgan's known limitations related to her pregnancy, as had been requested of it. As described hereinabove, Anderson University knowingly, willfully, negligently and/or intentionally discriminated against Morgan when it terminated her because of her pregnancy and did not permit her reasonable accommodation by permitting her to work from home while pregnant and to take a medical leave and return to her position of employment as Anderson University had done for many other similarly situated, non-pregnant employees. Anderson University treated

Morgan differently and less favorably in employment decisions and in the termination of her employment because of her pregnancy.

29. Morgan, as a pregnant female, was treated differently and less favorably in the terms and conditions of her employment by Anderson University than similarly situated, non-pregnant coworkers. This is particularly true as the reasonable accommodation, work from home 4 of 5 days per week for the balance of her pregnancy, was granted to the similarly situated, non-pregnant coworker with whom Morgan shared her office.

30. With respect to relief, Morgan seeks to be made whole and is seeking any and all available relief. She seeks all lost wages and benefits, including back pay and benefits, front pay and benefits, reinstatement, all available compensatory damages, all available punitive damages, payment of her reasonable attorney's fees, costs and expenses, prejudgment interest, and any and all available equitable relief.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tori R. Morgan respectfully requests that the Court enter judgment in her favor and against Anderson University, and award Morgan all available damages and equitable relief, including, but not limited to, back pay and benefits, reinstatement, front pay and benefits, all available compensatory damages, all available punitive damages, attorney's fees, costs and expenses, together with any available prejudgment interest, and any other relief which would make Morgan whole.

HASSLER KONDRAS MILLER LLP

By s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, Indiana 47807
(812) 232-9691
kondras@hkmlawfirm.com

*Counsel for Plaintiff*

## REQUEST FOR TRIAL BY JURY

Comes now Plaintiff Tori R. Morgan , by her counsel, and hereby requests a trial by jury, on all issues which may be tried to a jury.

HASSLER KONDRAS MILLER LLP

By s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.