**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TORI R. MORGAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|  vs. | )   CASE NO. 1:24-cv-01655-JMS-MG |
| | ) |
| ANDERSON UNIVERSITY, INC., | ) |
| | ) |
|     Defendant, | ) |

**CASE MANAGEMENT PLAN**

**I.**     **Parties and Representatives**

    A.    Plaintiff:    Tori R. Morgan
               Defendant:   Anderson University, Inc.

    B.    Counsel for Plaintiff:    Robert P. Kondras, Jr.
                                      HASSLER KONDRAS MILLER LLP
                                      100 Cherry St.
                                      Terre Haute, IN 47807
                                      Telephone: (812) 232-9691
                                      Facsimile: (812) 234-2881
                                      Email: kondras@hkmlawfirm.com

              Counsel for Defendant:    Amy Steketee Fox
                                      CHURCH CHURCH HITTLE + ANTRIM
                                      203 W. Wayne St., Suite 402
                                      Fort Wayne, IN 46802
                                      Telephone: (260) 399-9490
                                      Facsimile: (260) 399-9491
                                      Email: afox@cchalaw.com

                                      Caroline Wood
                                      CHURCH CHURCH HITTLE + ANTRIM
                                      Two North Ninth Street
                                      Noblesville, IN 46060
                                      Telephone: (317)773-2190
                                      Facsimile: (317) 773-5320
                                      Email: cwood@cchalaw.com

        Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.**    **Jurisdiction and Statement of Claims**

    A.    This Court has subject matter jurisdiction, as Plaintiff's claims under the Pregnancy Discrimination Act and Pregnant Workers Fairness Act raise questions of federal law.

    B.    **Plaintiff's Synopsis of Case**. Morgan is pursuing Anderson University under the Pregnancy Discrimination Act and the Pregnant Workers Fairness Act provisions of Title VII of the Civil Rights Act of 1964. Morgan has been treated less favorably than a similarly situated, but not pregnant employees. Morgan was terminated rather than accommodated, as she should have been pursuant to the Pregnant Workers Fairness Act, 42 USC § 2000gg-1. Morgan seeks all available damages, including all equitable relief, including payment of her lost wages and benefits, all available compensatory damages, and all available punitive damages, reinstatement and payment of her reasonable attorney's fees, costs and expenses.

    C.    **Defendant's Statement of Case:** Defendant denies having violated Plaintiff's rights under the Pregnancy Discrimination Act and the Pregnant Workers Fairness Act provisions of Title VII of the Civil Rights Act of 1964. Defendant further denies that it treated Plaintiff less favorably than similarly situated, but not pregnant employees. Defendant states that any action it took regarding Plaintiff was taken in good faith and for legitimate, non-discriminatory, non-retaliatory reasons. Defendant denies Plaintiff was a "qualified employee" under the Pregnant Workers Fairness Act because she could not perform the essential functions of the job with or without reasonable accommodation.

**III.**    **Pretrial Pleadings and Disclosures**

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **January 23, 2025**.

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **January 30, 2025**.

    C.    Defendant(s) shall file preliminary witness and exhibit lists on or before **February 6, 2025**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **February 23, 2025**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **February 23, 2025**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **September 23, 2025**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 23, 2025**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **October 23, 2025**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **February 1, 2026**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before October . This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). This is an individual discrimination case. The parties do not anticipate a substantial volume of ESI. Any documents can be produced in PDF or native format.

   1. Description of Information Anticipated to be Sought. The parties will seek personnel information, information about work conditions and

3

    accommodations provided to similarly situated coworkers, wage and benefit information, damages mitigation information, and data showing race considerations made in Defendant's employment decisions.

2. <u>Production of ESI.</u> Absent any objection, emails and documents shall be produced to the requesting party in PDF format. Recordings shall be produced in their native format. All ESI may be produced either on a thumb drive or via a shared file link. The Parties reserve the right to withhold any ESI based on a known privilege or objection and agree to provide a privilege log properly identifying any item withheld.

3. <u>Cost and Burden of Producing ESI.</u> The parties will seek to employ measures to reasonably limit the burden and costs of ESI discovery on the parties. It is the parties' intent to discuss cost-shifting or cost-saving measures that may be needed in this matter with each ESI discovery request. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following assumptions apply: (1) The producing party bears the costs of searching for, assembling, reviewing, and producing the responses to the requests; (2) Any extraordinary costs may be allocated to the requesting party, but only after a Rule 37 conference wherein the parties discuss measures to appropriately and reasonably limit the costs incurred responding to the requests; and (3) To the extent that a party requests to examine an electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner, absent any privileges or objections that would preclude or protect such data from being disclosed.

4. <u>Search Protocol.</u> Requests for email related ESI shall include specific search terms to be applied, the identity of the account custodians whose emails are to be searched, and the specific date range for each such search. The parties' intent is to discuss and agree upon reasonable search parameters to ensure that discovery is conducted as efficiently as possible.

5. <u>Preservation of Data.</u> Throughout the course of this matter, the parties will make every effort to preserve all electronic data relevant to either party's claims or defenses to the extent reasonably possible.

6. <u>Claw Back Provision.</u>

The parties agree to the following claw back provision:

    In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document

      be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

7. <u>Additional Issues.</u> At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this provision, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention. The parties shall comply with Local Rule 37.1 regarding issues associated with discovery and the production of ESI. The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense. Further, depending on the nature of the data produced, a protective order may be appropriate, as the Court may approve and/or the parties may agree.

## IV.   <u>Discovery[1] and Dispositive Motions</u>

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

Plaintiff may file a motion for partial summary judgment regarding Anderson University's failure to engage her in any interactive communication regarding Plaintiff's formal request for accommodation during the latter stages of her pregnancy.

Defendant may file a motion for summary judgment on grounds that Plaintiff cannot produce evidence sufficient to allow a reasonable juror to conclude that Plaintiff's rights under the Pregnancy Discrimination Act and the Pregnant Workers Fairness Act provisions of Title VII of the Civil Rights Act of 1964 were violated.

B. On or before **July 30, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:
     __X__ Track 2: Dispositive motions are expected and shall be filed by **September 23, 2025**; non-expert witness discovery and discovery relating to liability issues shall be completed by **July 23, 2025**; expert witness discovery and discovery relating to damages shall be completed by **December 23, 2025**. All remaining discovery shall be completed by **January 23, 2026**.

   Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties recommend a settlement conference in March or April 2025.**

## VI. Trial Date

The parties request a trial date in **June 2026**. The trial is by Jury and is anticipated to take **three** days.

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for

        all further proceedings including trial.

    B.    **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.**   **Required Pre-Trial Preparation**

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and

        areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

    6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

    3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.**    <u>**Other Matters**</u>

    None.

Respectfully submitted,

/s/*Robert P. Kondras, Jr.*                     /s/Amy Steketee Fox
Robert P. Kondras, Jr.                            Amy Steketee Fox
HASSLER KONDRAS MILLER LLP       CHURCH CHURCH HITTLE + ANTRIM
100 Cherry St.                                       203 W. Wayne St., Suite 402
Terre Haute, IN 47807                        Fort Wayne, IN 46802
Telephone: (812) 232-9691                Telephone: (260) 399-9490

Facsimile: (812) 234-2881  Facsimile: (260) 399-9491
Email: kondras@hkmlawfirm.com  Email: afox@cchalaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**